IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RONNIE LEE WARREN,                )
                                  )
          Plaintiff,              )
                                  )
     v.                           )          Civil Action No. 1:13cv131-TMH
                                  )                    (WO)
ACCEPTANCE LOAN                   )
  COMPANY, INC., *et al.*,        )
                                  )
          Defendants.             )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

The plaintiff, Ronnie Lee Warren ("Warren"), brings this *pro se* action alleging

violations of his rights under the Fourteenth Amendment as enforced by 42 U.S.C. § 1983

and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).  Warren, a

federal inmate who has served time in both federal and state incarceration, alleges that the

named defendants, Acceptance Loan Company, Inc. ("Acceptance Loan") and Attorney Lee

F. Knowles ("Knowles"), "took advantage of [his] incarceration," engaged in predatory and

fraudulent lending practices, and neglected their fiduciary duties to him in a deliberate

scheme to cause foreclosures on his property and unjustly enrich themselves.  He maintains

that the defendants' actions were motivated by racial animus and violated his rights to due

process and equal protection under the Fourteenth Amendment.  He seeks compensatory and

punitive damages.

Under the Prison Litigation Reform Act of 1996, Pub.L.No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, this court is required to screen prisoner complaints and to dismiss a complaint or any portion of a complaint that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.[1]  *See* 28 U.S.C. § 1915A(a) & (b); 28 U.S.C. § 1915(e)(2)(B).  The court must therefore examine Warren's complaint to determine whether it states a cognizable claim for relief.

## II.   DISCUSSION

Warren indicates that his claims arise under Title 42 U.S.C. § 1983 and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

### A.   *42 U.S.C. § 1983*

Title 42 U.S.C. § 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."  42 U.S.C. § 1983.  While not a source of substantive rights, § 1983 provides a method for vindicating federal rights conferred by the Constitution and federal statutes.  *Albright v. Oliver*, 510 U.S. 266, 271

---

[1] An action is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Fed.R.Civ.P. 12(b)(6) motions.  *Tourscher v. McCullough*, 184 F.3d 236, 240 (3rd Cir. 1999).

(1994); *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).

To prevail in an action under § 1983, a plaintiff must make a prima facie showing of two elements: (1) that the act or omission deprived plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of state law. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir.1993); *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir.1992). *See, e.g., Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

"Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." *Harvey*, 949 F.2d at 1130. The Eleventh Circuit uses three tests to determine whether the actions of a private party should be attributed to the state: (1) the public function test, which "limits state action to instances where private actors are performing functions traditionally the exclusive prerogative of the state;" (2) the state compulsion test, which "limits state action to instances where the government has coerced or at least significantly encouraged" the challenged action; and (3) the nexus/joint action test, which applies when "the state has so far insinuated itself into a position of interdependence with the [private party] that it [i]s a joint participant in the enterprise." *See Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003) (citations and internal quotations omitted).

Defendant Acceptance Loan is a private corporation that does not perform any traditional state functions, has not been coerced or encouraged by the state to service loans,

and has not jointly participated in an enterprise with the state.  Thus, Acceptance Loan is not a state actor.  Consequently, there can be no dispute that Warren's complaint is insufficient to support a plausible claim for relief against this defendant under 42 U.S.C. § 1983.

Likewise, Warren's claims against defendant Knowles, his former attorney, provide no basis for relief under § 1983.  "[P]rivate attorneys, even court-appointed attorneys, are not official state actors and ... are not subject to suit under section 1983." *Mills v. Criminal District Court No.* 3, 837 F.2d 677, 679 (5th Cir. 1988).  Because the conduct of Knowles about which Warren complains was not committed by a person acting under color of state law, the allegations against Knowles fail to support a plausible claim under § 1983.

### B.   *Bivens*

While an action under § 1983 is a suit against a state actor, acting in his or her individual capacity under color of state law, a "*Bivens* action" is a suit for damages against a *federal* actor who, acting in his or her individual capacity under color of federal law, is alleged to have violated the plaintiff's constitutional rights.  *Bivens*, 403 U.S. at 397; *see Butz v. Economou*, 438 U.S. 478, 498-99 (1978).  *Bivens* actions, although not precisely parallel, are the analog to actions pursuant to 42 U.S.C. § 1983 against state actors, and the constitutional standard of review is the same for either type of action.  *See Butz*, 438 U.S. at 500; *Tavarez v. Reno*, 54 F.3d 109, 110 (2nd Cir. 1995).  Thus, federal courts have "typically incorporated § 1983 law into *Bivens* actions." *Taverez*, 55 F.3d at 110.

Warren wholly fails to show that either Acceptance Loan or Knowles was a federal

actor, acting under color of federal law.   Neither defendant performs a traditional governmental function, has been coerced or encouraged by the government to perform actions with respect to Warren, or has participated jointly with the government in an enterprise with respect to Warren.  Because the conduct about which Warren complains was not committed by a person  acting under color of federal law, Warren's allegations also fail to support a plausible *Bivens* claim against either defendant.

Because Warren's allegations against both Acceptance Loan and Knowles fail to present a cognizable claim upon which relief may be granted under § 1983 and *Bivens*, his complaint should be dismissed.

## III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice as frivolous and for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B) & § 1915A(b)(1).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **June 9, 2014**..  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The  parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.  Failure to file written objections to the proposed findings

5

and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 23rd day of May, 2014.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE